UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUNTER TECHNOLOGY CORPORATION. d/b/a SPARTON MILPITAS, | ) ) ) | |
| Plaintiff, | ) ) | Judge Marvin E. Aspen Case No. 1:20-cv-4858 |
| v. | ) ) | |
| OMEGA GLOBAL TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant Omega Global Technologies, Inc.'s Motion to Reconsider the Court's order Denying Its Motion to Dismiss. (Motion (Dkt. No. 24).) For the following reasons, we deny Defendant's Motion.

**BACKGROUND**

We assume familiarity with the relevant facts as detailed in our December 3, 2020 Order, and thus do not fully recount them here. *Hunter Tech. Corp. v. Omega Glob. Techs., Inc.*, No. 1:20-CV-4858, 2020 WL 7078382 (N.D. Ill. Dec. 3, 2020). The case's posture so far, in short, is that a buyer of diodes sued the seller for breach of contract in state court, the lawsuit was then removed to federal court, and then the seller moved to dismiss for lack of personal jurisdiction. *Id.* at *1. We held that the purchase order's forum selection clause providing for jurisdiction in the Northern District of Illinois was "an enforceable contract as pleaded and is unaltered by the invoice issued after partial performance." *Id.* at *3.

**LEGAL STANDARD**

A motion for reconsideration may be brought to correct "manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Such motions are therefore appropriate where a court misunderstood a party's position and made a decision that warrants reconsideration. *See, e.g.*, *id.* Nevertheless, motions to reconsider are disfavored. *Santos v. Williams*, No. 15-cv-5325, 2017 WL 2189102, at *1 (N.D. Ill. May 18, 2017). They are so disfavored that the party bringing a motion for reconsideration "bears a heavy burden, and motions for reconsideration are not at the disposal of parties who want to rehash old arguments." *Id.* (citing *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015)).

**ANALYSIS**

Defendant's Motion argues that our December 3, 2020 Order contradicts *Northrop Corporation v. Litronic Industries*, 29 F.3d 1173, 1177-78 (7th Cir. 1994) and *Dresser v. Gradall*, 965 F.2d 1442 (7th Cir. 1992). We address those two cases in turn.

We begin with *Northrop*'s statement as for when the battle of the forms analysis is triggered: "'Battle of the forms' refers to the not uncommon situation in which one business firm makes an offer in the form of a preprinted form contract and the offeree responds with its own form contract." *Northrop*, 29 F.3d at 1174. The instant case is distinguishably pleaded. There, Northrop (the buyer-plaintiff) sent several manufacturers, including Litronic (the seller-defendant), a request to submit offers to sell Northrop a customized printed wire board as designated by Northrop. *Id.* at *1175. The request stated that any purchase would be made by means of a purchase order that would set forth terms and conditions that would override any inconsistent terms in the offer. *Id.* In response, Litronic mailed an offer to sell Northrop four

2

boards for $19,000 apiece, to be delivered within six weeks. *Id.* The parties proceeded as if a contract was executed, but problematically ignored the purchase order's requirement that the seller send a written acknowledgment to Northrop first. *Id.* at *1176. Accordingly, the battle of the forms analysis applied. The battle of the forms in *Northrop* was helpful because it was unclear which form was operational. *See id.* Unlike *Northrop*, the record before us at this pleading stage indicates that Defendant accepted Plaintiff's purchase order's terms by delivering half of the diodes without objection. (Motion at 3 – 4.) That acceptance, unlike *Northrop*, occurred before it sent Plaintiff an invoice form that had competing terms. (*Id.*)[1] Indeed, our earlier holding acknowledged this distinguishing trait. *See Hunter*, 2020 WL 7078382 at *3 ("We do not opine on whether the outcome would have differed had the invoice been delivered together with the first diode shipment."). Therefore, this is not a battle of the forms scenario like *Northrop*.[2]

*Dresser*, 965 F.2d at 1442 is also distinguishable. Like *Northrop*, *Dresser*'s offeror sent a purchase order with its terms and the offeree responded with an acknowledgment and its own terms. *Id.* at 1444. Then, despite those competing provisions, the parties acted as if a contract had been formed. *Id.* This is different from the instant case because, here, the invoice form was

---

[1] In full, Defendant states in its motion that Plaintiff "sent a purchase order to [Defendant] for certain diodes" then "[Plaintiff] received half of the diodes" (which we held constituted acceptance) then days later "[Defendant] sent [Plaintiff] its invoice for the diodes." (Motion at 3—4.)

[2] Nor does the pleaded course of dealing sway our analysis. True, the pleaded facts are that the purchaser sent an invoice with certain terms following acceptance. But the pleaded facts do not suggest whether the past invoices were sent before or contemporaneously with the acceptance. Nor does the pleading suggest that the parties adopted the previous invoices' terms.

3

sent after the purchase order's terms were accepted by partial performance, thus the invoice's terms do not amount to a "competing form" that triggers the battle of the forms.[3]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider is denied. (Dkt. No. 24.) Additionally, the parties shall confer within 21 days of this Order and submit a joint status report. The joint status report should include the following: principal legal issues remaining, a statement of the remaining factual issues along with an indication as to any factual stipulations, a history of settlement discussions among the parties and whether a court assisted settlement conference is requested, an estimated number of depositions, a proposed fact discovery completion date, a proposed expert discovery completion date (including dates for delivery of expert reports), a proposed date for filing dispositive motions, the anticipated length of a trial, and the name of the principal trial lawyers for each party. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

February 4, 2021
Chicago, Illinois

---

[3] In the alternative to reconsideration, Defendant asks that we clarify the effect of the factual findings in our December 3, 2020 Order. (Motion at 10 – 11.) Specifically, Defendant asks that we clarify whether our holding made "an assumption about the terms of the parties' agreement for purposes of deciding Omega's motion, or whether it was ruling as a matter of law that [Plaintiff]'s purchase order is an enforceable contract." (*Id.*) To clarify, our holding accepted the pleaded facts as true under Rule 12. In doing so, we held that "The Purchase Order is an enforceable contract *as pleaded* and is unaltered by the invoice issued after partial performance." *Hunter*, No. 1:20-CV-4858, 2020 WL 7078382 at *3 (emphasis added).

4